### BLAKE v. MALLIET.

(Supreme Court, Appellate Term. June 22, 1903.)

1. ACCOUNT STATED—COMPLAINT—AMENDMENT.
　　Under Municipal Court Act, § 166 (Laws 1902, p. 1542, c. 580), requiring the Municipal Court of New York City to permit the amendment of pleadings at any time, if substantial justice will be promoted thereby, the court can grant leave at the beginning of a trial to amend a complaint on an account stated to an action to recover on a check indorsed by defendant and returned for nonpayment.

2. SAME—TRIAL—CROSS-EXAMINATION—ERROR.
　　Where, at the beginning of a trial, a plaintiff was permitted to amend his complaint so as to change his action from one on an account stated to one on an indorsement of a check returned for nonpayment, it was error to refuse defendant the right to test plaintiff's credibility by exposing his inconsistency on cross-examination.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by George H. Blake against William A. Malliet. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Louis Steckler, for appellant.
Watson & Kristeller, for respondent.

MacLEAN, J. As the action was originally brought, the plaintiff alleged in a written complaint an account stated, and claimed the balance due under that account, of $82.75. The answer denied the account stated, affirmatively alleged payment, and set up as a defense that the parties plaintiff and defendant were copartners, and that the accounts between them were still unadjusted. At the very beginning of the trial, the plaintiff having taken the stand and been sworn for himself, the plaintiff moved to amend the complaint to an action to

recover the sum of $82.75, being the amount of a check drawn by a third party to the order of the defendant, indorsed by him, delivered to the plaintiff, returned for nonpayment, and subsequently delivered to the defendant upon his promise to pay the same. The defendant objected that such an amendment would change the whole cause of action. The motion was granted. To this the defendant took an exception, but declined to ask for an adjournment. This amendment completely changed the issues, but, under section 166 of the Municipal Court act (Laws 1902, p. 1542, c. 580), it was within the power of the court to grant it. This, however, did not prevent the defendant from exposing plaintiff's inconsistency upon cross-examination, and thus to test his credibility. The denial of this right to the defendant constituted error. Upon the whole case, the interests of justice require a new trial.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.